**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE, FLORIDA**

IN RE:                                                    )         CASE NO.: 3:11-bk-6268-JAF
                                                          )
**BENNY RAY CROWE, II**                                   )         CHAPTER 13
    Debtors.                            )

**SECOND AMENDED CHAPTER 13 PLAN**

    The Debtor submits the following Amended Chapter 13 Plan:

1. The future earnings of the Debtor are submitted to the control and supervision of the Trustee, and the Debtor shall pay to the Trustee the sum of **$555.56** per month, in months 1 through 4, and **$433.65** per month in months 5 through 60 for a period of sixty (60) months.

2. From the payments so received, the Trustee shall make disbursements as follows:
   A. **PRIORITY CLAIMS**
      (1) The fees and expenses of the Trustee shall be paid over the life of the plan at the rate of ten percent (10%) of the amount of all payments under the plan.

      (2) The debtor owes $2,000.00 in unpaid attorney's fees. The trustee shall pay to the order of Parker & DuFresne, P.A., **$500.00** per month in months 1 through 4, until paid in full.

   B. **SECURED CLAIMS**
      (1) **USBANK NATIONAL ASSOCIATION** holds a first mortgage on the debtors' homestead property. The debtor intends to surrender this property in full satisfaction of the debt. The trustee shall make no payment to this creditor.

      (2) **CITIMORTGAGE, INC.** holds a second mortgage on the debtors' homestead property. The debtor intends to surrender this property in full satisfaction of the debt. The trustee shall make no payment to this creditor.

      (3) **EASTERN FINANCIAL FLORIDA CREDIT UNION** holds a perfected lien on the debtor's 2006 BMW 330 in the amount of

    $19,779.16. The Trustee shall pay this secured claim in the amount of $21,855.60 with equal month payments of **$390.28** in months 5 through 60 until paid in full. This payment includes interest at a rate of 4%.

  C. **UNSECURED CLAIMS** Unsecured creditors, including those secured creditors who have deficiency claims or whose liens have been avoided and who timely file proofs of claim shall receive distribution pro-rata. The trustee shall distribute pro-rata among those unsecured creditors whose claims are filed and allowed any funds remaining after paying priority and secured claims. Any claims filed after the bar date shall receive no distribution under this plan unless specifically provided for above.

3. **EXECUTORY CONTRACTS** The Debtors **do not reject** any executory contracts.

4. **VESTING** Title to all property of the estate shall revest in the Debtors upon confirmation of this plan.

5. **RETENTION OF LIEN** Secured creditors shall retain their liens until the allowed secured claim is paid in full.

6. **INSURANCE** Debtors shall keep the collateral which secures any debt paid under this plan insured as provided for in the agreement between the Debtors and creditor.

7. **CONFIRMATION OF THE PLAN** shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust on the principal residence of the Debtor to do all of the following:
  A. To apply the payments received from the Trustee on the prepetition arrearages, if any, only to such arrearages. For purposes of this Plan the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.
  B. To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default or defaults.
  C. To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtor(s) to the month in which each payment was designated to be made under the plan or directly by the Debtor(s), whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance, or similar account.
  D. Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtor's completion of the

Plan, unless specifically provided for in the Confirmation Order, or by further order of the Court on motion filed prior to completion of the Plan.

**DATED** this 1st day of FEBRUARY 2012.

          PARKER & DUFRESNE, P.A.

          /s/*E. Warren Parker, Jr.*
          _____
          E. WARREN PARKER, JR.
          Fla Bar #958506
          8777 San Jose Blvd., #301
          Jacksonville, FL 32217
          (904) 733-7766
          Fax:  (904) 733-2919
          Attorney for Debtor